UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:07-139-KKC

JAMES E. CLOUD,                                                                                    PETITIONER

v.                                             **OPINION AND ORDER**

GARY BECKSTROM,
Warden                                                                                              RESPONDENT

\* \* \* \* \* \* \* \*

This matter is before the Court on Petitioner James E. Cloud's Petition for Writ of Habeas Corpus [R. 1], the Magistrate Judge's Recommended Disposition recommending that the Court deny with prejudice the Petition for Writ of Habeas Corpus and decline to issue a Certificate of Appealability [R. 31], and Petitioner's Objections to the Recommended Disposition [R. 33]. For the reasons given below, the Court **OVERRULES** Petitioner's Objections to the Recommended Disposition, **ADOPTS** the Recommended Disposition as the Opinion of the Court, and **DENIES** the Petition for a Writ of Habeas Corpus.

**I.      Overview**

Petitioner Cloud was convicted of first degree robbery in Bell Circuit Court of Kentucky after pleading guilty pursuant to a plea agreement. Cloud was sentenced to twenty years in prison in accordance with the prosecutor's recommended sentence. Soon afterwards, Cloud challenged his conviction on the grounds of ineffective assistance of counsel. He alleges that his attorney gave him incorrect information about his parole eligibility and failed to reasonably attempt to communicate an offer for a more favorable plea agreement. Cloud asserts that but for this ineffective assistance of his counsel, he would have rejected the twenty-year plea agreement

and would have instead gone to trial. The Court need not repeat or elaborate any further on the factual and procedural history surrounding Cloud's habeas corpus petition, since this is discussed in great detail in the Magistrate Judge's Recommended Disposition. As such, the Court adopts the depiction of the factual and procedural background given in the Recommended Disposition.

The Magistrate Judge concluded that the Kentucky Court of Appeals' resolution of Cloud's ineffective assistance of counsel claims was not "objectively unreasonable" under 28 U.S.C. § 2254. The Magistrate Judge determined that although Cloud's attorney had likely provided deficient representation with respect to both claims, Cloud had suffered no prejudice from this representation. As such, Cloud presented no cognizable Sixth Amendment ineffective assistance of counsel claims under the *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668 (1984). The Magistrate Judge also recommended denying two other related claims on the grounds of procedural default and lack of prejudice, and found that Cloud is not entitled to a Certificate of Appealability. Cloud objects to this Recommended Disposition and requests that the Court issue a Certificate of Appealability should it overrule his objections.

**II.     Analysis**

**A.      Objection 1: Parole Eligibility**

The Magistrate Judge determined that Cloud suffered no prejudice from his attorney's incorrect parole advice because there was no reasonable probability that, but for the bad advice, Cloud would not have pleaded guilty and would have instead gone to trial. Cloud's main argument was that the evidence indicated that he did not personally cause any physical injury to the victim, and that his conduct therefore did not satisfy the elements of first degree robbery and he likely would not be found guilty by a jury. The Magistrate Judge determined that under

Kentucky case law, specifically *Commonwealth v. Smith*, 5 S.W.3d 126 (Ky. 1999), "whether Cloud 'actually participated' in the particular 'act of force or violence' that caused the victim's injuries is immaterial." Recommended Disposition, at 32. This is because, according to *Smith*, first degree robbery is a "crime capable of being divided amongst principals." *Smith*, 5 S.W.3d at 129. Since the record reveals Cloud's presence, acquiescence, and active involvement in the crime, as well as a physical injury to the victim, Cloud satisfies the elements of first degree robbery, his defense was unlikely to succeed at trial, and he was likely to have been convicted. Recommended Disposition, at 32; *see also Smith*, 5 S.W.3d at 129 ("[I]t is sufficient that he came and went with the robbers, was present when the robbery was committed, and acquiesced therein."). The Magistrate Judge thus concluded that Cloud cannot demonstrate any prejudice from his attorney's incorrect parole advice.

Cloud objects to this assessment on two grounds. First, Cloud argues that *Smith* does not require a finding that Cloud is guilty of first degree robbery because the Commonwealth still needed to prove Cloud's intent to accomplish the theft by force, and that it is not a foregone conclusion that this would have been accomplished. Objections, at 3. Second, he notes that in addition to *Smith*, the Magistrate Judge also cited to the unpublished opinion of *Johnson v. Commonwealth*, 2005 WL 2045480 (Ky. 2005), a case decided after Cloud's guilty plea, in determining that Cloud need not have personally inflicted the injury on the victim to be guilty of first degree robbery. *Id.* Cloud argues that it was not proper for the Magistrate Judge to rely on an unpublished opinion rendered after Cloud entered his guilty plea. *Id.*

Cloud's objections here are without merit. *Smith* unquestionably stands for the proposition that one need not be the individual who actually inflicts the physical injury on the

3

victim to be held liable as a principal actor in first degree robbery. *See Smith*, 5 S.W.3d at 129 ("*To be liable, the accused need not . . . have taken any money from the victim with his own hands*, or actually participated in any other act of force or violence . . . ."). Cloud's claim that it was only his co-participant who inflicted the injuries on the victim would therefore not affect his case. The Magistrate Judge's analysis of this supposed defense to the "causes physical injury" element of first degree robbery is correct.

      The Court agrees with Cloud that *Smith* does not eliminate the "intent to accomplish the theft by force" element of first degree robbery. However, the record reveals ample evidence from which the Commonwealth would likely have proven that Cloud had this very intent. As the Magistrate Judge noted, the police report, the prosecutor's summary of the evidence, and the defense attorney's recollection of the crime, as Cloud related it to him, all suggest that Cloud held the victim down as the co-participant tied him up. Recommended Disposition, at 30. Cloud's signed plea agreement conceded that he "used physical force" and "caused physical injury." *See id.* Cloud stated that, "I was present, and I'm guilty for being there," State Court Record, Video 1/26/04 3:38, and that he "participated" because he "was there." Hearing, at 27. Cloud testified that he and his co-participant both pushed their way into the victim's home, causing the victim to trip and fall against the couch. *Id.* at 10. As noted by the Magistrate Judge, the police report states that Cloud "shoved" the victim "face down" and "held him down until" the co-participant bound the victim. Recommended Disposition, at 32 n.18. Cloud's defense attorney stated that Cloud "told me that what he did is . . . he leaned up over—laid on top of the old man and held him." Hearing, at 86.

      Furthermore, the prosecutor described the evidence against Cloud as "the proof would be

4

that he held [the victim] down while [the co-participant] took the phone cords . . . and tied him up." Hearing, at 46. She stated that this evidence would show that Cloud initially assaulted the victim and then attempted to tie him up, *id.* at 45, that "Cloud told the victim to give him the arm or he'd tear it off," *id.*, and that "[h]e tried to force the right arm, at which time the victim said, 'Oh, God,' and Mr. Cloud replied, 'God can't help you.'" *Id.* at 45-46. The prosecutor testified that this evidence came from statements of Cloud's co-participant and the victim. *Id.* at 67. This record evidence is more than sufficient for the Commonwealth to prove, and a jury to infer, that Cloud had the requisite "intent to accomplish the theft by force." This being the case, Cloud's objection along these lines is without merit.

Moreover, Cloud's objection to the Magistrate Judge's citation to *Johnson v. Commonwealth* is also baseless. Even assuming that the Magistrate Judge erred in citing to *Johnson*, this error is harmless. *Johnson* received only a single reference on page thirty-one of the Magistrate Judge's opinion, while *Smith* received the entirety of the Magistrate Judge's analysis. It is obvious that the Magistrate Judge relied almost completely on *Smith* alone, and only on *Johnson* to the extent that it further interprets *Smith*. Even standing alone, without any further interpretation through *Johnson* or any other case law, *Smith* clearly supports the Magistrate Judge's conclusion that Cloud would likely have been found guilty of first degree robbery had he rejected the twenty-year plea offer and gone to trial. Cloud cannot establish any prejudice from his attorney's incorrect parole advice. This objection is without merit.

**B.     Objection 2: Failure to Communicate the Faxed Plea Offer**

The Magistrate Judge also recommended denying Cloud's second claim of ineffective assistance of counsel. Cloud claimed that his attorney failed to reasonably communicate a

fifteen-year plea offer faxed to the attorney from the prosecutor. Although the Magistrate Judge concluded that the defense attorney likely did not reasonably attempt to communicate the plea offer, the Magistrate Judge nonetheless determined that Cloud's claim must fail because Cloud could demonstrate no prejudice. The Magistrate Judge based this conclusion on the fact that "Cloud unequivocally testified that he would have **rejected** a fifteen year prison term if the 85% parole ineligibility rule applied." Recommended Disposition, at 36. Cloud took a factual position that completely negated his second ineffective assistance theory, reasoned the Magistrate Judge, because if Cloud would not have accepted the fifteen-year offer anyway, then his attorney's failure to communicate that offer could not have caused any harm. The Magistrate Judge thus concluded that Cloud could establish no prejudice for this second ineffective assistance claim.

     Cloud objects to this. He explains that the portion of his testimony that the Magistrate Judge relied upon has been misconstrued. He attempts to clarify his testimony by explaining that if he had been given the incorrect parole advice that his attorney allegedly provided, he would have accepted the fifteen-year offer over the twenty-year offer, but if he had been given correct parole advice, he would have rejected both offers and instead proceeded to trial. Objections, at 4; *see also* Hearing, at 26-27 (Cloud: "But I would rather have went to trial. I asked to go to trial." Examining attorney: "But if you'd known that you had to do 85 percent of 15 years--" Cloud: "I would have insisted on going to trial."). Cloud asserts that this establishes the necessary prejudice for his claim to proceed.

     The Court again disagrees with Cloud. The record reflects that Cloud had previously rejected the same fifteen-year plea offer during his pretrial conference in June 2003. Hearing, at

6

40-41. Cloud decided to reject it after talking with his attorney's[1] secretary, because he and the secretary apparently did not believe that fifteen years was a fair offer. *Id.* Cloud admitted that during this time, when he was contemplating whether to accept the June 2003 fifteen-year offer, he did not discuss his parole eligibility at all. *Id.* at 41. Cloud explained during his hearing that he considered the fifteen-year offer to be unfair because he had not caused physical injury to the victim. *Id.* at 17. Cloud stated that at the time of the pretrial conference, he believed that the incorrect parole eligibility rules applied to his case, and that even if he had known about the correct parole eligibility rules, he still would have rejected the fifteen-year offer. *Id.* at 41.

      This testimony plainly refutes the notion that Cloud would have accepted the later fifteen-year plea offer had his attorney conveyed it to him. Cloud's basic argument is that his incorrect understanding of his parole eligibility made the difference in whether he would have rejected or accepted the fifteen-year offer that his attorney failed to convey. However, when he had earlier received the same fifteen-year plea offer in June 2003, he *rejected* the offer *while he believed that the incorrect parole advice applied* to his case. *See id.* (Cloud: "I was thinking I was being charged under 20 percent [the incorrect parole advice]."). This is completely inconsistent with his statement that, had his attorney conveyed the later fifteen-year plea offer (the same offer that he earlier rejected), he would have instead *accepted* the offer under his belief that the incorrect parole advice applied to his case. *See* Objections, at 4. The two statements cannot be logically reconciled. Moreover, as noted, Cloud admitted that when he was deciding whether to accept or reject the June 2003 fifteen-year plea offer, he never discussed parole eligibility with his attorney

---

[1] This attorney, who represented Cloud during his June 2003 pretrial conference, is not the individual charged with ineffective assistance of counsel. The latter attorney replaced the former attorney later that year.

7

or her secretary. Hearing, at 41. For one who now claims that he would have accepted the same fifteen-year offer based entirely on the parole eligibility advice given him, Cloud's failure to ever discuss parole eligibility at the time of the original fifteen-year plea offer is quite suspicious.

From all this, the Court can only conclude that whether Cloud would have accepted or rejected the later fifteen-year plea offer turned entirely on his belief that he would likely not be found guilty at trial because he did not actually inflict the requisite physical injury on the victim. He basically admitted this during his testimony. *See id.* at 17 (Cloud: "And I asked her [the attorney's secretary, during the June 2003 pretrial conference] if she felt that I was getting a fair offer with the 15 years and she said no. So I decided I wouldn't take it. *Because I knew I hadn't caused no serious physical injury to nobody*." (emphasis added)). The Court simply cannot credit Cloud's assertion that parole eligibility would have been the crucial factor in accepting or rejecting the later fifteen-year offer when it plainly was not a factor at all in his previous rejection of the same offer. *See id.* at 41 (Examining attorney: "I think you testified if you had known that you were under an 85 percent rule [the correct parole eligibility advice], you would not have taken even the [earlier] 15 year deal, is that correct?" Cloud: "Correct."). The Magistrate Judge was correct that Cloud cannot establish prejudice from his attorney's failure to communicate the later fifteen-year plea offer. This objection is without merit.

C.     **Request for Certificate of Appealability**

The Magistrate Judge recommended that the Court not issue a Certificate of Appealability. He explained that Certificates of Appealability may issue where the petitioner makes a "substantial showing of the denial of a constitutional right." *See* Recommended Disposition, at 40 (citing 28 U.S.C. § 2253(c)(2)). Further, the Magistrate Judge explained that

"[t]his requires a petitioner to demonstrate that 'jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Magistrate Judge concluded that Cloud had not made a "substantial showing" as to any claimed denial of his rights, and that the dismissal of these claims on the merits is not debatable. *Id.* at 41. Therefore, Cloud would not be entitled to a Certificate of Appealability. *Id.*

In his Objections, Cloud simply states that he "respectfully requests that the Court approve a Certificate of Appealability for him." Objections, at 4. Cloud offers no argument of any kind that he has in fact made the "substantial showing" that the Magistrate Judge found lacking. Cloud is required to demonstrate this "substantial showing" if he wishes the Court to issue a Certificate of Appealability. *See Slack*, 529 U.S. at 483-84. He clearly has not done so. In any case, the Court agrees with the Magistrate Judge's conclusions on this issue. The Court declines Cloud's request to issue him a Certificate of Appealability.

**WHEREFORE**, the Court being sufficiently advised, it is hereby **ORDERED** that:

(1) The Petitioner's Objections to the Recommended Disposition are **OVERRULED**;

(2) The Magistrate Judge's Recommended Disposition is **ADOPTED** as the Opinion of the Court; and

(3) The Petition for a Writ of Habeas Corpus is **DENIED**.

Dated this 18th day of April, 2008.



Signed By:
*Karen K. Caldwell*
**United States District Judge**